CHAD S. HUMMEL (Bar No. CA 139055)
BRAD W. SEILING (Bar No. CA 143515)
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224
E-mail: chummel@manatt.com
bseiling@manatt.com

*Attorneys for Defendants*
Telescope, Inc., Project Support Team Inc., American Idol Productions, Inc., Fremantle North America, Inc., 19 Entertainment, Inc., CKX, Inc., Fox Broadcasting Company, and Fox Interactive Media, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT

WESTERN DIVISION

| | |
|---|---|
| DARLENE COUCH, and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TELESCOPE, INC., PROJECT SUPPORT TEAM INC., AMERICAN IDOL PRODUCTIONS, INC., FREMANTLE MEDIA NORTH AMERICA, INC., 19 ENTERTAIN-MENT, INC., CKX, INC., FOX BROADCASTING COMPANY, and FOX INTERACTIVE MEDIA, INC.<br><br>Defendants. | No. CV 07-3916 FMC (PLAx)<br><br>**ANSWER OF DEFENDANT AMERICAN IDOL PRODUCTIONS, INC. TO UNVERIFIED COMPLAINT**<br><br>Complaint Filed: June 15, 2007<br><br>Judge: Hon. Florence-Marie Cooper |

Defendant American Idol Productions, Inc. ("AIP") answers the complaint of plaintiff Darlene Couch ("Couch") as follows:

1. AIP admits Couch has sued the entities identified in paragraph 1.

2. AIP denies the allegations in paragraph 2.

3. AIP admits that viewers can enter American Idol Challenge by text message or for free via the internet, and that winners are selected randomly from eligible entrants. AIP denies that American Idol Challenge is an illegal lottery.

4. AIP denies this case is suitable for class treatment and further denies Couch or members of any putative class have been damaged.

5. AIP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6. AIP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7. AIP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8. AIP admits that Project Support Team, Inc. has offices in Connecticut. AIP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8.

9. AIP admits that it has offices in Burbank, and that AIP advertises, promotes and produces American Idol. AIP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9.

10. AIP admits that Fremantle Media North America, Inc. advertises, promotes and produces American Idol. AIP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10.

11. AIP admits that 19 Entertainment, Inc. advertises, promotes and produces American Idol. AIP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11.

12. AIP admits that CKX, Inc. advertises, promotes and produces American Idol. AIP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12.

13. AIP admits that Fox Broadcasting Company has offices in Los

1  Angeles, and that Fox broadcasts American Idol. AIP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13.

14. AIP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. AIP denies the allegations in paragraph 15.

16. AIP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17. AIP admits the allegations in paragraph 17.

18. AIP admits the allegations in paragraph 18, except for the allegation that the trivia question posed in American Idol Challenge is "intentionally easy or obvious to encourage the maximum number of viewers to enter" or that the "answer can be easily obtained." AIP denies American Idol Challenge is an illegal lottery.

19. AIP lacks knowledge or information sufficient to form a belief as to the truth of the allegations that "this part of the Promotion occurs in California" and text message entrants pay standard text message rates. AIP admits the remaining allegations in paragraph 19.

20. AIP lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "this part of the Promotion occurs in California." AIP admits the remaining allegations in paragraph 19.

21. AIP lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "this part of the Promotion occurs in California." AIP admits the remaining allegations in paragraph 19.

22. AIP lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "this part of the Promotion occurs in Connecticut and/or California." AIP admits the remaining allegations in paragraph 19.

23. AIP admits the allegations in paragraph 23.

24. AIP admits the allegations in paragraph 24.

25. AIP answers the allegations in paragraph 25 as follows:

    (a) Admits that AIP, Fremantle, 19 and CKX produce American Idol;

    (b) Denies that Telescope and Project Support designed American Idol Challenge. Admits that Project Support prepared the Official Rules;

    (c) Admits that Fox broadcasts American Idol;

    (d) Admits that Fox, Fox Interactive, AIP, Fremantle, 19 and CKX promote American Idol Challenge;

    (e) Admits that Fox, Fox Interactive, AIP, Fremantle, 19 and CKX promote American Idol Challenge;

    (f) Admits that Fox, Fox Interactive, AIP, Fremantle, 19 and CKX encourage viewers to participate in American Idol Challenge through text message and online entries;

    (g) Denies that Fox and Telescope "levy charges for premium text messages" sent by entrants in American Idol Challenge;

    (h) Lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Telescope "acts as the billing agent" for American Idol Challenge;

    (i) Admits that Project Support acted as the judge for American Idol Challenge, selecting and notifying winners;

    (j) Admits that Project Support awarded and distributed prizes provided by the sponsors;

    (k) Admits that Telescope is the sponsor of American Idol Challenge.

26. AIP denies American Idol Challenge is an illegal lottery or illegal gambling.

27. AIP denies American Idol Challenge is an illegal lottery or illegal gambling.

28. AIP denies American Idol Challenge is an illegal lottery or illegal gambling.

29. AIP denies American Idol Challenge is an illegal lottery or illegal gambling.

30. AIP denies American Idol Challenge is an illegal lottery or illegal gambling.

31. AIP denies American Idol Challenge is an illegal lottery or illegal gambling.

32. AIP denies this case is suitable for class treatment.

33. AIP denies this case is suitable for class treatment.

34. AIP denies this case is suitable for class treatment.

35. AIP denies this case is suitable for class treatment.

36. AIP denies this case is suitable for class treatment.

37. AIP denies this case is suitable for class treatment.

38. AIP denies this case is suitable for class treatment.

39. AIP incorporates its answers to paragraphs 1 through 38.

40. AIP denies American Idol Challenge constitutes an illegal lottery or illegal gambling.

41. AIP denies the allegations in paragraph 41.

42. AIP incorporates its answers to paragraphs 1 through 41.

43. AIP denies American Idol Challenge constitutes an illegal lottery or illegal gambling.

44. AIP denies American Idol Challenge constitutes an illegal lottery or illegal gambling.

45. AIP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45.

46. AIP denies the allegations in paragraph 46.

# AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the Complaint, AIP alleges as follows:

## FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

1. The Complaint fails to set forth facts sufficient to state a valid claim for relief against AIP.

## SECOND AFFIRMATIVE DEFENSE
(Lack of Standing)

2. Couch lacks standing to pursue claims for relief under California or Connecticut law.

## THIRD AFFIRMATIVE DEFENSE
(*In Pari Delicto*)

3. Couch's claims are barred by the doctrine of *in pari delicto*.

## FOURTH AFFIRMATIVE DEFENSE
(Violation of Public Policy)

4. Couch's claims are barred by California's public policy against judicial resolution of civil claims arising out of gambling contracts or transactions.

## FIFTH AFFIRMATIVE DEFENSE
(Lack of Damage)

5. On information and belief, Couch has not suffered an injury in fact and a loss of money or property as a proximate result of AIP's acts or omissions. Accordingly, Couch has no claims against AIP under the Unfair Competition Law ("UCL"), and she cannot certify a class under that statute or any of her other claims.

## SIXTH AFFIRMATIVE DEFENSE
(Couch's Claims Not Typical)

6. On information and belief, this case is not suitable for class

certification because, among other reasons, Couch's claims are not typical of the putative class they purport to represent.

### SEVENTH AFFIRMATIVE DEFENSE
(Couch Does Do Not Adequately Represent the Putative Class)

7. On information and belief, Couch is not an adequate representative for the putative class

### EIGHTH AFFIRMATIVE DEFENSE
(Members of Putative Class Not Readily Identifiable)

8. This case is not suitable for class action treatment because, among other reasons, the members of the putative class defined in the Complaint are not readily identifiable.

### NINTH AFFIRMATIVE DEFENSE
(Common Issues Do Not Predominate)

9. On information and belief, class treatment is not proper because common issues of law and fact do not predominate over individual issues.

### TENTH AFFIRMATIVE DEFENSE
(No Nationwide Class)

10. There is no valid basis to certify a nationwide class.

### ELEVENTH AFFIRMATIVE DEFENSE
(No Basis for Attorneys' Fees)

11. The Complaint fails to state facts that would entitle Couch to recover attorneys' fees from AIP.

### TWELFTH AFFIRMATIVE DEFENSE
(Connecticut General Statute § 53-278g(a))

12. The Complaint is barred in its entirety because American Idol Challenge is statutorily exempt from Connecticut's gambling law under Conn. Gen. Stat. §53 278g(a).

## THIRTEENTH AFFIRMATIVE DEFENSE

(Connecticut General Statute § 52-554)

13. The Complaint is barred in its entirety because Couch and the members of the putative class she purports to represent have not wagered at least one dollar to play American Idol Challenge.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Consent)

14. The Complaint is barred because Couch consented in the Official Rules to the Games to the practices alleged in the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Damages Solely the Fault of Persons Other Than AIP)

15. The losses incurred, if any, and the damages sought by Couch and the putative class she purports to represent, which are denied, were caused directly and proximately by persons other than AIP, whether individual, corporate or otherwise, and whether named or unnamed in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Damages Not Caused by AIP)

16. The Complaint, and each purported claim for relief therein, is barred because Couch and the putative class she purports to represent have no right to the amount sought in the Complaint and/or have suffered no injury as a result of AIP's alleged actions.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(No Basis for Restitution)

17. Couch and the putative class she purports to represent are not entitled to recover restitution from AIP because they did not pay any money directly to AIP.

### EIGHTEENTH AFFIRMATIVE DEFENSE
(Adequate Remedy at Law)

18. Couch's claims for injunctive relief are barred because Couch has an adequate remedy at law.

### NINETEENTH AFFIRMATIVE DEFENSE
(Assumption of the Risk)

19. Couch and the putative class she purports to represent, with total appreciation of the risks involved, whether expressly or impliedly, knowingly and voluntarily assumed the risks and hazards of the injuries complained or and the resulting damages, if any.

### TWENTIETH AFFIRMATIVE DEFENSE
(Laches)

20. The Complaint, and each purported claim for relief therein, is barred by the equitable doctrine of laches.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
(Estoppel)

21. The Complaint, and each purported claim for relief therein, is barred by the equitable doctrine of estoppel based on Couch's own conduct and actions.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
(Statute of Limitations)

22. The Complaint, and each purported claim for relief therein, is barred by the applicable statutes of limitations.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
(Waiver)

23. The Complaint, and each purported claim for relief therein, is barred because Couch and the putative class she purports to represent have waived any right to assert the claims contained therein.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

24. Couch and the putative class she purports to represent have failed to mitigate their damages, which are denied.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Lack of Jurisdiction)

25. The Complaint, and each purported claim for relief therein, fails to state a cause of action against Defendants for more than $5 million.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1. That Couch take nothing by her Complaint;
2. That AIP recover its costs of suit; and
3. For such other and further relief as the Court deems just and proper.

Dated: February 6, 2008

MANATT, PHELPS & PHILLIPS, LLP
Chad S. Hummel
Brad W. Seiling

By: /s/ Brad Seiling
Brad W. Seiling
*Attorneys for Defendants*
Telescope, Inc., Project Support Team Inc., American Idol Productions, Inc., FremantleMedia North America, Inc., 19 Entertainment, Inc., CKX, Inc., Fox Broadcasting Company, and Fox Interactive Media, Inc.

41196897.1